**HOHENSTEIN SHIPPING COMPANY,**
Libelant,

v.

**FELIZ COMPANIA NAVIERA S.A.,** Empire Steel Trading Company, Inc.,
Respondents.

No. 64–A–308.

United States District Court
E. D. New York.
April 20, 1964.

Poles, Tublin & Tatestides, New York City, for Hohenstein Shipping Co.

Burlingham, Underwood, Barron, Wright & White, New York City, for Empire Steel Trading Co., Inc.

MISHLER, District Judge.

Libelant, a partnership, having its office and place of business in the State of Georgia, brought this action in Admiralty for stevedoring services rendered in Savannah, Georgia. Respondent is a New York Corporation with its place of business at 80 Wall Street.

The libel contained a clause to attach respondents' " * * * goods and chattels, or credits or effects in the hands of the garnishees named in the libel * * if said respondent shall not be found within the district." (Admiralty Rules, No. 2); it prayed for attachment in particular on " * * * certain credits and moneys in the hands or within the possession and/or control of Chase Manhattan Bank, a banking institution having an office and branch at 185 Montague Street, Brooklyn, New York. * * * "

Respondent moves to vacate and set aside a warrant of attachment served on the branch of the Chase Manhattan Bank at 185 Montague Street, Brooklyn, on the ground it has no account at that branch. It appears respondent maintains an account at a branch of the Chase Manhattan Bank located at 1 Chase Manhattan Plaza, which is located within the territorial jurisdiction of the Southern District of New York.

The situs of the bank account is in the Southern District of New York. The Chase Manhattan Bank is not the debtor. The debtor is the branch of The Chase Manhattan Bank located at 1 Chase Manhattan Plaza. United States v. First National City Bank, 1963, 2 Cir., 321 F.2d 14, 22. Seizure of property pursuant to an attachment is governed " * * * by the law of the state in which the district court is held * * *." Fed.R.Civ.P. 64. Under the law of the State of New York " * * * there is no obligation due at the main branch to a depositor in another branch * * *." United States v. First National City Bank, supra.

Motion is granted to the extent that the attachment upon the bank account maintained at the Chase Manhattan Bank, #1 Chase Manhattan Plaza, is vacated. See exhaustive opinion of Zavatt, Chief Judge, in D/S A/S Flint v. Sabre Shipping Corp., 1964, E.D.N.Y. 228 F.Supp. 384.

■■ Respondent prays for an award of damages, expenses and attorneys fees on the claimed bad faith in the use of warrant of attachment in the manner here described. The practice of instituting admiralty proceedings in this district against respondents residing in the Southern District, solely for the purpose of obtaining in personam process with a clause of foreign attachment under Rule 2 of the Admiralty Rules, would appear to be a perversion. An award for expenses and attorneys fees should only be made in exceptional cases. 6 Moore, Federal Practice, pp. 1352–1353 (2d ed.) and cases cited. In the event the libel is dismissed, then on a showing of bad faith in the institution of the action, application may be made for damages, expenses and attorneys fees incurred in the instant application; the motion insofar as it prays for such award is therefore denied without prejudice.

Settle order on two (2) days notice.